UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS
PENSION FUND, BRICKLAYERS
SUPPLEMENTAL ANNUITY FUND,
BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND, NEW
YORK CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING
FUND, INTERNATIONAL MASONRY
INSTITUTE and SANTO LANZAFAME, in
his fiduciary capacity as Administrator,
BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT RELATIONS
COMMITTEE,

                      Plaintiffs,         **REPORT AND RECOMMENDATION**
      - v -

                                               CV 05-4778 (SJ)(VVP)

DAVID & ALLEN CONTRACTING, INC.
AND ALLEN FREEMAN,

                      Defendants.
----------------------------------------------------------x

       This matter was referred to me by the Honorable Sterling Johnson for a report and

recommendation regarding the default of the defendants David & Allen Contracting Inc.,

(hereafter "D&A") and Allen Freeman (hereafter "Freeman") and the amount of damages and

attorney's fees to awarded to the plaintiffs Bricklayers Insurance and Welfare Fund, Bricklayers

Pension Fund, Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades

International Pension Fund, New York City and Long Island Joint Apprenticeship and Training

Fund, International Masonry Institute (hereafter "the funds") and Santo Lanzafame, in his

fiduciary capacity as Administrator (hereafter "the trustee") of Bricklayers Local 1, International Union of Bricklayers and Allied Craft Workers (hereafter "the Union"), and Bricklayers Labor Management Relations Committee (hereafter "the LMRC") as against the defaulting defendants. The Trustee is the administrator of various employee benefit plans to which the defendants were obligated to make contributions pursuant to a collective bargaining agreement ("CBA") between Local 1 ("the Union") and the defendants. *See* Complaint ¶ 7. The case involves the defendants' alleged violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*. ("ERISA") and the Labor Management Relations Act, 29 U.S.C. § 185, ("LMRA") by their failure to pay contributions to the Funds as required by the terms of the CBA. *Id.* ¶¶ 9, 13. The plaintiffs seek to recover the delinquent contributions plus interest and liquidated damages under ERISA and the LMRA. The plaintiffs also seek attorney's fees and costs.

**I. ENTRY OF DEFAULT JUDGMENT**

"It is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001), *quoting Shah v. N.Y. State Department of Civil Services,* 168 F.3d 610, 615 (2d Cir. 1999) (internal quotations omitted). When deciding whether to enter default the court considers various factors, including (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay; (5) whether the grounds for default are clearly established; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect default would have; and (8) whether the court

believes it later would be obligated to set aside the default on defendant's motion. *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d at 281 *citing* Moore's Federal Practice § 55.20 {2}{b} (3d ed. 1999). In civil actions, when a party fails to appear after given notice, the court normally has justification for entering default. *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984).

The plaintiffs have filed affidavits of a licensed process server attesting to service of the summons and complaint in this action on the defendants in accordance with the provisions of Section 308(2) and Section 311(a)(1) of the New York Civil Practice Law and Rules. Each method of service is authorized by Rule 4 (c)(1) of the Federal Rules of Civil Procedure. The defendants have failed to interpose an answer, or otherwise respond to the complaint. Nor have the defendants responded to plaintiffs' application for default. The grounds for default are therefore clearly established, and there are no grounds for believing the defaults are based on a good-faith mistake or technicality. *See Cablevision Systems New York City Corporation v. Leach*, No. 01 Civ. 9515, 2002 WL 1751343, at *2 (S.D.N.Y. July 26, 2002) (default willful where defendant never responded to complaint, appeared or explained default). Finally, based on the defendants' inaction, it is unlikely that the court will be compelled at some future date to enter an order vacating the default judgments. Judgment by default should therefore be granted so long as liability and damages are appropriately established.

**II. LIABILITY**

By virtue of the defendants' defaults, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiffs' damages. *See, e.g.*, *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Funds are

multi-employer benefit trusts, organized under ERISA, and administered by representatives of employers and employees engaged in interstate commerce. *See* Complaint ¶ 3. The court is required to accept as true that D&A was obligated, under the CBAs with Local 1, to pay fringe employee benefit contributions to the plaintiffs for all work performed by those employees of D&A within the trade and geographical jurisdiction of the union. *Id.* ¶¶ 9-10. D&A's obligations under the CBA are enforceable under ERISA. *See* 29 U.S.C. § 1132(a)(3). The court further accepts as fact the allegations that D&A owes fringe benefit contributions ("ERISA contributions"), and unpaid dues and contributions contractually due to the plaintiffs ("non-ERISA contributions") for the various weeks during the time period of October 1, 2003 through March 31, 2005. *See* Complaint ¶¶ 9, 13.

These facts are sufficient to establish the defendant D&A's liability for violations of ERISA which states, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall. . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The pleadings also establish that by failing to make contributions to certain non-ERISA plans as required by the CBA, D&A violated the LMRA which creates a federal cause of action for the breach of collective bargaining agreements, and thus the defendants' obligations under the CBA are enforceable. *Baldracchi v. Pratt & Whitney Aircraft Div., United Technologies Corp.,* 814 F.2d 102, 103 (2d. Cir. 1987).

While these facts are sufficient to establish the defendant D&A's liability, they do not establish the defendant Freeman's liability. The Second Circuit, applying New York law, has held that when examining individual liability under ERISA and the LMRA, there must be "clear

and explicit evidence of [an individual] defendant's intent to add personal liability to the liability of the entity." *Mason Tenders District Council Welfare Fund v. Thomsen Construction Co.,* 301 F.3d 50, 53 (2d Cir. 2002) (internal quotations and citations omitted). Further, New York courts rarely find individual liability, "since there must be overwhelming evidence of the signatory's intention to assume personal liability." *Id*. In determining an individual's intent to assume personal liability, the factors to be considered include "the contract's length, the location of the liability provision relative to the signature line, the presence of the name of the signatory in the contract itself, "the nature of the negotiations leading to the contract," and the signatory's role in the corporation." *Id.* at 53 *quoting Lerner v. Amalgamated Clothing & Textile Workers Union*, 938 F.2d 2, 5 (2d. Cir. 1991).

The plaintiffs' only basis for imposing personal liability on Freeman is one sentence of the complaint which states that he has "personally guaranteed" payment of contributions. *See* Complaint ¶ 7. The allegation merely states a legal conclusion, not a fact, which the court is not required to accept without some factual support which the plaintiffs have failed to provide. Although an attorney's affidavit asserts that Freeman was a signatory to the CBA, the affidavit does not disclose whether Freeman signed in his individual capacity or merely in his capacity as an officer of the corporate defendant and the CBA itself was not submitted in proof. The complaint does not assert that Freeman signed a personal guaranty or otherwise indicated by his conduct that he intended to assume personal liability for the payment of contributions. Absent specific allegations as to Freeman's conduct which establish that he in some way assumed personal liability, the court cannot recommend that Freeman be held liable. *See Mason Tenders,* 301 F. 3d at 54 (holding that even the presence of a personal liability clause in a signed

agreement, without more, is insufficient).[1]  Therefore, the claims against the defendant Freeman should be dismissed, and damages and other relief should only be assessed as against the corporate defendant D&A.

### III. DAMAGES

ERISA provides a right of action for recovery of

(A)   the unpaid contributions
(B)   interest on the unpaid contributions
(C)   an amount equal to the greater of -
      (I) interest on the unpaid contributions, or
      (ii)liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A).
(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Having provided notice to the defaulting defendants, the court is able to receive affidavits in lieu of holding an evidentiary hearing on the appropriate amount of damages to be awarded. *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 11 (2d Cir. 1997) ("We have held that, under rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment."); *accord, Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993).  There being no objection by any party to that procedure, the court has received and considered affidavits submitted by the plaintiffs.  The defendant has made no submissions as to damages.

---

[1]In *Mason Tenders*, the court found no individual liability even though the collective bargaining agreement contained a personal liability clause.  The court focused on the fact that the signatory of that agreement on behalf of the employer signed only in his official capacity as president.

Federal Rule 55(b) requires the court to make an independent assessment of damages when deciding a motion for default judgment. *See Securities & Exch. Comm'n v. Management Dyn., Inc.,* 515 F.2d 801, 814 (2d Cir. 1975). In support of the request for delinquent contributions, and other statutory damages, the only submission provided by the plaintiffs is an affidavit of the attorney of record, James L. Wasserman. *See* Affidavit in Support of Default Judgment ("Wasserman Affidavit"). The affidavit provides only sparse details about the amounts of unpaid contributions, as well as calculations of the applicable late charges, and it suffers from other fatal flaws. First, it is not made by a person with actual knowledge of the facts stated in the affirmation. The affidavit appears to be based on records maintained by the funds, or the union, but the plaintiffs' attorney makes no assertion that he is the custodian of the records or otherwise responsible for maintaining them, and the court would be surprised if he were. Equally as important, none of the records that apparently underlie the assertions of fact are annexed to the affirmation. Specifically, the plaintiffs have not provided the underlying CBA, copies of any remittance reports, or time sheets to establish the delinquent fringe benefit contributions, and other amounts that are purportedly due. Thus, the plaintiffs' attorney makes assertions about what amounts are owed, but provides no support whatsoever for those statements. *See* Wasserman Affidavit ¶¶ 8-14. The assertions are thus little better than allegations in the complaint, which as noted above are insufficient to establish damages.

The absence of an affidavit by a person with actual knowledge of the facts, supported by appropriate documentation, deprives the court of the ability to make an independent assessment of the damages to be awarded. *See Laborers' Local Union No. 91 Welfare Fund v. Danco Construction, Inc.,* 1996 WL 189510 , at * 1 (W.D.N.Y. Apr. 17, 1996) (conclusory statement

that certain amount is due is insufficient proof of delinquent ERISA contributions). Instead of recommending that no damages be awarded, however, the court recommends that the application for damages be denied, but with leave granted to the plaintiffs to renew their application upon an appropriate affidavit or affidavits by people with actual knowledge who can properly authenticate the funds' damages and the records upon which the damages calculations are based.

**IV. ATTORNEY'S FEES AND COSTS**

The plaintiffs are also seeking attorney's fees and costs, both of which are available under ERISA. *See* 29 U.S.C. 1132(g)(2)(D). To aid the court in determining the amount of reasonable attorney's fees, a plaintiff is required to submit evidence that provides a factual basis for a fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 433-434 (1983). In this Circuit, that entails submitting contemporaneous billing records documenting the date, the hours expended, and the nature of the work done, for each attorney. *See New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148, 1154 (2d Cir. 1983). The court must then determine whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 406 U.S. 886, 896 n.22, 104 S. Ct. 1541 (1984); *Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir. 1997). Where adequate records are not submitted, the court may deny fees altogether or reduce the award. *See id.*, 711 F.2d at 1148; *Private Sanitation Union Local 813, International Brotherhood of Teamsters v. Gaeta-Serra Associates, Inc.*, Dkt. No. CV 02-5526, 2005 WL 2436194, at *3-4 (E.D.N.Y. August 12, 2005). In addition, the court may exclude hours from the lodestar calculation that it finds to be excessive, duplicative, or unnecessary. *Duke v. County of Nassau,* 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003), *citing Hensley,* 461 U.S. at 434, *Luciano*, 109 F.3d at 116.

In reviewing the submissions on this issue, the court finds that the attorney time sheets are sufficiently detailed and that the rates charged by counsel are appropriate.[2] As to costs, on the other hand, the plaintiffs' affidavit is insufficient because it merely states that a total of $439.85 was expended, but does not provide detail concerning the various items of costs for which recovery is sought. As with the other deficiencies cited above, the plaintiffs should be given the opportunity to cure this deficiency. As to attorney's fees and costs, then, the court recommends that calculation of the award should be postponed until after the plaintiffs renew their application for damages.

## CONCLUSION

In accordance with the above considerations, the undersigned hereby **RECOMMENDS** that (i) the claims against Allen Freeman be dismissed, (ii) the motion for default judgment as to David & Allen Contracting, Inc., be granted as to liability, but the application for damages be denied with leave to reopen based on appropriate further submissions to cure the deficiencies discussed above, and (iv) pending further submissions by the plaintiffs, no awards be made with respect to the plaintiffs' applications for interest, liquidated damages, attorney's fees and costs.

\*　　　\*　　　\*　　　\*　　　\*　　　\*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g.,*

---

[2]The attorney billed 1.75 hours at $200/hour and paralegals billed 15.75 hours at $70/hour. *See* Attorney's Affidavit for Services.

*Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Counsel for the plaintiffs shall serve a copy of this Report and Recommendation on the defendants by regular mail and file proof of such service in the record.**

          */s/ Viktor V. Pohorelsky*
          VIKTOR V. POHORELSKY
          United States Magistrate Judge

Dated:   Brooklyn, New York
         September 18, 2007